In re Keith Alan KLINE, Debtor.

Ronald R. HOLLIDAY, Appellant,

v.

Keith Alan KLINE, Appellee.

No. 94–3798.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1995.

Decided Sept. 12, 1995.

Ronald R. Holliday, St. Joseph, MO, pro se.

John Warren, St. Joseph, MO, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BOWMAN, Circuit Judge.

Attorney Ronald R. Holliday filed a complaint in Keith Kline's bankruptcy proceeding to determine the dischargeability of Kline's obligation to pay counsel fees arising from Holliday's representation of Kline's former wife in the couple's divorce proceeding. The Bankruptcy Court ruled that Holliday's fee award was in the nature of maintenance and therefore a nondischargeable debt under 11 U.S.C. § 523(a)(5) (1988). The District Court reversed because the debt was payable directly to Holliday, rather than to Kline's former wife. *Holliday v. Kline (In re Kline)*, 174 B.R. 525 (W.D.Mo.1994). Because we conclude that attorney fee awards that are in the nature of maintenance or support can be nondischargeable under § 523(a)(5) even if payable directly to the attorney, we reverse.

The facts are largely undisputed. Keith and Christy Kline were divorced in December 1993. Pursuant to their decree of dissolution, Christy Kline was awarded custody of the couple's daughter, and Keith Kline was ordered to pay child support; neither party was awarded maintenance. "After considering all relevant factors, *including the financial resources of both parties*," the court ordered Keith Kline to pay Holliday, Christy Kline's attorney, fees of $6,305. Amended Decree of Dissolution of Marriage at 6 (emphasis added). In February 1994, Keith Kline filed a Chapter 7 bankruptcy petition and listed the debt to Holliday on his bankruptcy schedules, seeking discharge of the obligation. Holliday subsequently brought this adversary action, alleging that the $6,305 judgment against Kline was in the nature of support for Kline's former spouse and his child, and therefore was nondischargeable under § 523(a)(5).

The Bankruptcy Court agreed with Holliday and found that the intended function of the award of attorney fees was to equalize the disparity of income between Keith and Christy Kline, thereby enabling Christy Kline to support herself. The court determined that the debt thus was nondischargeable under § 523(a)(5) and entered judgment for Holliday. Keith Kline appealed and the District Court reversed, holding that the plain language of § 523(a)(5) excepted debts in the nature of maintenance or support from discharge only if owed directly to a spouse or child.

■ This appeal presents a question of fact—whether the fee award was intended to serve as support—which we review for clear error. *See Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir.1992) (noting that whether attorney fee award was intended as maintenance or support is question of fact decided by bankruptcy court, reviewable only for clear error). The question of law—whether an award of attorney fees that is in the nature of support is dischargeable in bankruptcy if payable directly to the attorney—we review *de novo*. *Miller v. Farmers Home Admin. (In re Miller)*, 16 F.3d 240, 242–43 (8th Cir.1994).

■ Exceptions to the Chapter 7 discharge of debt provision, 11 U.S.C. § 727 (1988), are contained in § 523. As relevant here, § 523(a)(5) excepts from discharge debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child." Al-

though statutory exceptions to discharge normally are subject to narrow construction, *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir.1993) (per curiam), exceptions from discharge for spousal and child support deserve a more liberal construction, *see Shine v. Shine*, 802 F.2d 583, 585 (1st Cir.1986). "The policy underlying section 523(a)(5) ... favors enforcement of familial support obligations over a 'fresh start' for the debtor." *In re Miller*, 55 F.3d 1487, 1489 (10th Cir. 1995).

■ Under cases interpreting the predecessor to § 523, 11 U.S.C. § 35(a)(7) (1976),[1] an award of attorney fees, if in the nature of support, was nondischargeable even if payable to a third party. *See Schiller v. Cornish (In re Cornish)*, 529 F.2d 1363, 1365 (7th Cir.1976) (per curiam); *Jones v. Tyson (In re Jones)*, 518 F.2d 678, 681 (9th Cir.1975). Although the former section excepts from discharge debts for maintenance and support, and its replacement excepts debts "to a spouse" for maintenance and support, we believe the statute continues to except from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or of the child of the debtor.[2] *See Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983) ("Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve."); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 11 (2d Cir.1981) ("it would be exalting form over substance to fail to treat [husband's] agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... maintenance ..., or support' "); *see also In re Miller*, 55 F.3d at 1490 (holding fees owed to guardian ad litem and psychologist were in nature of support for debtor's minor children and were nondischargeable in bankruptcy under § 523(a)(5)); *Joseph v. O'Toole (In re Joseph)*, 16 F.3d 86, 88 (5th Cir.1994) (con-

cluding that judgment against husband and wife for payment of wife's attorney fees incurred in divorce was nondischargeable in husband's bankruptcy proceeding, as it "was in the nature of alimony, maintenance, and support"); *Peters v. Hennenhoeffer (In re Peters)*, 964 F.2d 166, 167 (2d Cir.1992) (per curiam) (affirming district court's conclusion that fees owed to attorney for representation of debtor's minor son in custody dispute were nondischargeable under § 523(a)(5) as they were in nature of support).

We have no doubt that, if Kline's obligation is held to be dischargeable, Christy Kline could be liable in *quantum meruit* for the value of Holliday's services rendered to her during the divorce proceedings. That being the case, the state court's consideration of "the financial resources of both parties" in ordering Keith Kline to pay the fees would be for naught, simply because the award was in favor of Holliday and not Christy Kline. The record indicates that, at the time of the divorce, minimum wage income was imputed to Christy Kline and Keith Kline had monthly income of $3,583, and the decree of dissolution specifically provided that the attorney fee order was based, in part, on the financial resources of the parties. In these circumstances, we hold that the Bankruptcy Court did not err in concluding that the judgment against Kline for his former wife's attorney fees was in the nature of maintenance. We further hold that Kline's obligation to pay the attorney fees is nondischargeable under § 523(a)(5), notwithstanding that it is payable directly to Holliday.

For the reasons stated, we reverse the District Court's judgment.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I would affirm the judgment of the district court based on the well-reasoned opinion that it filed.

It may be true, as the court opines, that "exemptions from discharge for spousal sup-

1. The previous section excepted from discharge debts "for alimony due or to become due, or for maintenance or support of wife or child." 11 U.S.C. § 35(a)(7) (1976).

2. There is no issue here that the exclusion under § 523(a)(5)(A) for assigned maintenance and support obligations might apply to Holliday's fee award. *See Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 n. 3 (8th Cir.1983).

752

port deserve a more liberal construction" than other kinds of exemptions, although I do not know where such a canon of construction might have sprung from. But assuming that such a canon exists, it seems to me that the plain language of the statute here would keep it from affecting the result in this case.

It is one thing to be liberal, say, on the question of what kind of debt is "in the nature of maintenance and support." Indeed, the court is very liberal in that respect here, especially since the relevant state decree is quite opaque on the question of what the intention of the judge was in making the award. In fact, it would seem that hereafter any decree that directs the husband to pay the wife money that will relieve her of an obligation that she would otherwise have, will, regardless of the nature of that obligation, qualify the decree as one that creates a debt "in the nature of maintenance and support," because it will have the effect of freeing up resources for the maintenance and support of her and her children. This far, I admit, the court's supposed canon might conceivably carry us.

What it cannot do, however, is overcome the plain language of the statute that a debt must be a "debt to a spouse" before it can qualify as nondischargeable. *See* 11 U.S.C. § 523(a)(5). *In re Spong*, 661 F.2d 6 (2d Cir.1981), is not particularly apposite (nor are the cases that rely on it), since there the husband promised the wife to pay the relevant debt, thus creating an obligation to her on which the attorney could sue as a third-party beneficiary. Here there is no such undertaking and no obligation created to the wife. She was owed nothing. The appellant in this case could have asked the state court that rendered the decree to order the husband to pay his fee to the wife, but he did not. Since there was never an obligation running from the husband to the wife, there was no obligation that could have been dischargeable under 11 U.S.C. § 523(a)(5).

I therefore respectfully dissent from the court's judgment.