# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

No. 97-6028SI

In re:                                            *
                                                  *
HOWARD JOHN TATGE,                                *
                                                  *    Appeal from the United
            Debtor.                               *    States Bankruptcy Court
                                                  *    for the Southern District
PAMELA TATGE,                                     *    of Iowa
                                                  *
            Plaintiff-Appellee,                   *
      -v.-                                         *
                                           *
HOWARD JOHN TATGE,                                *
                                                  *
            Defendant-Appellant       *


Submitted: August 21, 1997

Filed: October 8,1997

Before KRESSEL, SCHERMER, and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge

   This is an appeal from the bankruptcy court's determination that a debt incurred during the course of a marital dissolution proceeding was excepted from discharge under § 523(a)(5)[1] of the

---

[1]     The bankruptcy court also made findings and conclusions with respect to dischargeability under § 523(a)(15).  However, the Plaintiff conceded that Plaintiff was proceeding solely under § 523(a)(5).  This renders moot that portion of the appeal which relates to: (i) the bankruptcy court's order denying Debtor's motion to dismiss for untimeliness (under § 523(c)(1) and Fed. R. Bankr. P. 4007(c)); and (ii) the bankruptcy court's findings, conclusions, and order for judgment holding alternatively that the debt was excepted from discharge under § 523(a)(15).

Bankruptcy Code.  For the reasons set forth below, we affirm.

## I.   FACTUAL BACKGROUND

On March 1, 1990, the eleven-year marriage of Debtor and Appellee, Pamela Tatge ("Pamela"), was dissolved in Illinois state court.  The dissolution decree incorporates a Marital Settlement Agreement ("Settlement Agreement") of the parties.  At the time, Debtor owned and operated an auto parts business.  Pamela was not, and never had been, employed outside the home and had no special work skills or training.

The Settlement Agreement provided that Pamela would have custody of their two minor children and that Debtor would pay $400 per month as child support.  Debtor was also to maintain medical insurance for the children.  The Settlement Agreement did not explicitly provide for alimony, support or maintenance for Pamela.  The parties further agreed that Debtor would receive the auto parts business and assume the business debts.  There were also provisions splitting certain personal property (of which there was little) between Debtor and Pamela.

At the time of the dissolution, Pamela was living with the two children in a home that had originally been wholly owned by Pamela's mother. In order to fund the startup of the auto parts business, Pamela's mother had earlier deeded a small interest in the home to Pamela and to Debtor; they, in turn, had borrowed money secured by a mortgage on the home. Debtor, Pamela, and Pamela's mother were all listed on the mortgage. The Settlement Agreement provided that Debtor would quitclaim any interest he had in the home to Pamela and Debtor would assume and pay the mortgage payments of $430 per month. The Settlement Agreement further provided that: (1) "said assumption of mortgage payments can be discharged in bankruptcy in the event . . . [Debtor] files bankruptcy"; (2) Pamela could join in the petition and Debtor would pay her attorneys' fees; and (3) if Debtor filed a bankruptcy petition and defaulted on the mortgage payments, Pamela could return to state court and seek an award of maintenance from Debtor. The Settlement Agreement also specifically provided that any such maintenance obtained by Pamela was to be for a period of four years from the date of the entry of the judgment dissolving the marriage, "it being the intent of the parties that . . . [Pamela] should not be able to claim maintenance from . . . [Debtor] for more than four . . .

3

years from the date of the entry of the judgment of dissolution." Finally, the Settlement Agreement recited that each party waived any further claims arising from the marriage, including, specifically, maintenance.

In the ensuing years, Debtor's business floundered. On December 14, 1994, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, and, on March 28, 1995, the bankruptcy court issued an order discharging Debtor.

## II. PROCEDURAL HISTORY AND BANKRUPTCY COURT DECISION

Pamela's original complaint in this action sought a determination that Debtor's obligations to continue to pay the mortgage payments on the home were excepted from discharge. The complaint described the marital history of the parties, the terms of the Settlement Agreement, and, in general terms, sought a determination of nondischargeability "under § 523(a) of the United States Bankruptcy Code," without specifying a subsection. Debtor answered, counterclaimed under § 523(d) of the Code, and moved to dismiss.

Debtor's motion to dismiss asserted that the complaint lacked specificity; that, if Pamela was proceeding under § 523(a)(15), the cause of action was barred by the sixty-day time limit set forth in Fed. R. Bankr. P. 4007(c); and, that the cause

4

of action was subject to a res judicata defense because of the prior state court proceedings. The bankruptcy court treated the motion to dismiss as one for a more definite statement under Fed. R. Bankr. P. 7012(e) and ordered Pamela to amend her complaint to more specifically plead her claims. The court continued for further hearing the other two portions of the motion. Pamela then filed an amended complaint in which she made clear that her claim was under § 523(a)(5) only. At the continued hearing, Pamela's counsel again explicitly acknowledged that she was proceeding solely under § 523(a)(5). The bankruptcy court then denied the motion to dismiss, ruling that the lack of particularity had been corrected in the amended complaint; that res judicata was an affirmative defense preserved for trial; and, that the argument based on the sixty day time limitation for asserting an action under § 523(a)(15) was moot because Pamela was proceeding solely under § 523(a)(5).

Debtor's answer and counterclaim asserted that Debtor's obligation to pay the mortgage payments was in the nature of a property settlement not excepted from discharge under § 523(a)(5). Debtor also asserted affirmative defenses including res judicata, equitable estoppel, and contract. Debtor also reasserted the counterclaim for attorneys fees under § 523(d).

After the bankruptcy court denied a motion for summary judgment, a trial was held on the merits.  The court found that the agreement to make the mortgage payments was a debt for support of the children and Pamela that was excepted from discharge under § 523(a)(5) of the Bankruptcy Code.  The court based its rulings on its finding that, at the time of the dissolution, the parties intended Debtor's commitment to be in the nature of support for Pamela and the two children, basically "to put a roof over their heads."  The court noted, among other factors, that Pamela had never worked outside the home and had virtually no marketable job skills; that the only sources of income for her and the children were the child support and mortgage payments; and that Debtor had a stable work history and, as a result of the dissolution proceedings, owned the business and its assets.  The court further noted that the Debtor's obligation to support his children was not limited by the language in the Settlement Agreement restricting the amount of maintenance that Pamela might later obtain.

### III.  DECISION

Debtor's main contention on appeal is that the bankruptcy court erred in holding that Debtor's commitment to pay the mortgage payments was in the nature of a support obligation

excepted from discharge under 11 U.S.C. § 523(a)(5). In addition, Debtor asserts that the prior state court judgment is res judicata on the issue of dischargeability, that the contract between the parties regarding dischargeability should be enforced, and that, in any event, Pamela is equitably estopped to contest dischargeability by reason of such contract. Debtor also asserts that the bankruptcy court erred in denying his motion to dismiss and in denying his motion for summary judgment.

A.   DISCHARGEABILITY UNDER § 523(A)(5)

Section 523(a)(5) of the Bankruptcy Code excepts from discharge a debtor's obligation to make alimony, maintenance or support payments to a former spouse and dependents. 11 U.S.C. § 523(a)(5) (1994). It is clear that whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. Williams v. Williams (In re Williams), 703 F.2d 1055, 1056 (8th Cir. 1983) (quoting H.R. REP. NO. 95-595, at 364 (1977)). The crucial issue in making this determination is the intent of the parties and the function the award was intended to serve. Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Adams v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992); Williams, 703 F.3d at 1056; Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984).

7

The determination of whether an award arising out of marital dissolution proceedings was intended to serve as an award for alimony, maintenance or support, or whether it was intended to serve as a property settlement is a question of fact to be decided by the bankruptcy court. <u>Kline</u>, 65 F.3d at 750; <u>Adams</u>, 963 F.2d at 200; <u>Williams</u>, 703 F.3d at 1056. As a finding of fact, the bankruptcy court's determination of this issue may be reversed only if it is clearly erroneous under the evidence presented. <u>First Nat'l Bank v. Pontow</u>, 111 F.3d 604, 609 (8th Cir. 1997).

We conclude that the bankruptcy court's finding that the Debtor's obligation to make the mortgage payments was intended to serve as an award for alimony, maintenance or support is not clearly erroneous. Factors considered by the courts in making this determination include: the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments. <u>See, e.g.</u>, <u>Friedkin v. Sternberg (In re Sternberg</u>), 85 F.3d 1400, 1406 (9th Cir. 1996); <u>Williams</u>, 703 F.2d at 1056; <u>Boyle</u>, 724 F.2d

8

at 683; <u>Shaver v. Shaver</u>, 736 F.2d 1314, 1316 (9th Cir. 1984).  After properly assessing these factors, the bankruptcy court in this case found that Debtor's agreement to make the mortgage payments was intended to serve the most basic of support functions, to provide a home for the children and Pamela which they otherwise would not have been able to afford.[2]  This conclusion is reasonable under the evidence presented, and for that reason it cannot be disturbed on appeal.  Finally, the Debtor's argument that the obligation cannot reasonably be construed as an obligation for support because he cannot now afford it is the very "needs-based" argument that was rejected in this circuit long ago.  <u>See, e.g.</u>, <u>Draper v. Draper</u>, 790 F.2d 52, 60 (8th Cir. 1986) (relying on <u>In re Harrel</u>, 754 F.2d 902, 906-07 (11th Cir. 1985)).

B.    THE DEFENSES

Debtor asserts three "affirmative defenses," each of which is without merit.

---

[2]    Debtor asserts that Pamela should be bound by certain admissions he claims Pamela made in pretrial discovery proceedings.  The parties disputed the timeliness of Pamela's response to a request that she admit that the agreement was in fact in the nature of a property settlement.  Apparently, the bankruptcy court resolved the dispute in Pamela's favor.  This ruling was a discretionary one, and Debtor has pointed to no abuse of discretion.

9

1.  *Res Judicata*

Debtor urges that the bankruptcy court was precluded, under the doctrine of res judicata, from holding that Debtor's obligation to make the mortgage payments is nondischargeable under § 523(a)(5) because the terms of the Settlement Agreement, which were incorporated into the state court judgment, provided that Debtor's obligation to make the mortgage payments would be dischargeable in bankruptcy.  Section 1738 of Title 28 directs that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738 (1994).  This statute requires a federal court to refer to the preclusion law of the state in which judgment was rendered when determining the preclusive effect of a state court judgment.  Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331 (1985); Teleconnect Co. v. Ensrud, 55 F.3d 357, 361 (8th Cir. 1995).  Under Illinois law, a final judgment rendered by a court of competent jurisdiction in a previous action between two parties bars a subsequent action between those parties on the same claim or cause of action.  Hexacomb Corp. v. Corrugated Sys., Inc., 678 N.E.2d 765, 770-71 (Ill. App. 1997) (citing

Housing Auth. v. Young Men's Christian Ass'n, 461 N.E.2d 959 (Ill. 1984)).

The requirements of res judicata have not been satisfied in this case because Pamela's § 523(a) nondischargeability cause of action is not identical to the cause of action decided in state court. It is well settled that an action brought under state law to establish a state created debt is separate and distinct from an action brought under § 523(a) of the Bankruptcy Code to determine the dischargeability of the same debt. Brown v. Felsen, 442 U.S. 127, 134-35, 99 S. Ct. 2205, 2211 (1979); Resolution Trust Corp. v. McKendry (In re McKendry), 40 F.3d 331, 336-37 (10th Cir. 1994). At the time of the state court's decree, the Debtor's bankruptcy petition had not yet been filed, and therefore no cause of action under § 523 yet existed. As a result, the issue of dischargeability was not properly before the state court, and any judgment rendered by the state court on the issue of dischargeability does not constitute a final judgment rendered by a court of competent jurisdiction.

In fact, although inarticulately framed, Debtor is actually urging that we apply the doctrine of collateral estoppel, or issue preclusion. It, too, is inapplicable in this case. Under Illinois law, the doctrine of collateral estoppel prevents

relitigation of a particular issue or fact in a proceeding where that issue was actually or necessarily decided by a court of competent jurisdiction in an earlier proceeding. Hexacomb Corp., 678 N.E.2d at 771. The issue for determination in this case is whether the Debtor's commitment to pay the mortgage payments was intended to serve as a support obligation or as a property settlement. This issue was not involved in the prior state court proceeding, was not decided in the state court proceeding, was not actually litigated in the prior state court proceeding, and was not necessary to the state court's prior decision. See Arnett v. Environmental Science & Eng'g, Inc., 657 N.E.2d 668, 673 (Ill. App. 1995) (holding that a consent judgment is not entitled to collateral estoppel effect under Illinois law). Accordingly, issue preclusion is not applicable.

2. *Contract and Estoppel*

The remaining defenses urge that the bankruptcy court erred because, by signing the prepetition Settlement Agreement, Pamela waived any argument that the Debtor's obligation to pay the mortgage payments would be dischargeable in bankruptcy and Pamela should be estoped to argue otherwise. We disagree.

Waiver is defined as the intentional relinquishment of a known right. First Nat'l Bank v. Allen, 118 F.3d 1289, 1294-95

12

(8th Cir. 1997); <u>European Am. Bank v. Benedict (In re Benedict)</u>, 90 F.3d 50, 55 (2d Cir. 1996). Whether a waiver has occurred is a question of fact that is established by showing that a party actually intended to relinquish a known right or privilege. <u>Allen</u>, 118 F.3d at 1294. In evaluating the Debtor's contract and estoppel arguments, the bankruptcy court found that "insofar as the nature of contract is concerned, the Court finds that the agreement between the parties is such that it cannot be determined specifically from reading that particular document what was the intent of the parties." This finding regarding intent was not clearly erroneous. While the Settlement Agreement specifically provided that Debtor's assumption of the mortgage payments "*can* be discharged in bankruptcy in the event [Debtor] files bankruptcy," it further provided that, should bankruptcy occur, Pamela could return to state court and obtain additional relief in the form of maintenance. This suggests that the parties intended that Debtor's obligation was a maintenance obligation and that bankruptcy would not, in fact, affect that obligation. Waiver, therefore, was in no way the intended result of the agreement. Rather, the Settlement Agreement preserved

Pamela's right to seek maintenance for four years[3] in spite of any subsequent bankruptcy.

Moreover, it is well settled that agreements regarding subsequent discharge in bankruptcy are disfavored (see, e.g., Alsan Corp. v. DiPierro (In re DiPierro), 69 B.R. 279, 282 (Bankr. W.D. Pa. 1987); Klingman v. Levinson (In re Levinson), 58 B.R. 831, 836-37 (Bankr. N.D. Ill. 1986). This should be especially true in dissolution proceedings for the same reasons that courts refuse to accept the labels affixed to an award by the divorce court or by the parties themselves in a separation agreement. See, e.g., Williams, 703 F.2d at 1057. In this case, when the Settlement Agreement attempted to determine dischargeability, not by label, but by specific agreement, we are still bound to assess the dischargeability of the debt in the event the Debtor files for bankruptcy. As we have previously held, the Settlement Agreement was intended to treat the obligation to pay the mortgage payments as a form of nondischargeable maintenance.

---

[3] The Settlement Agreement limited Pamela's right to spousal maintenance to four years, but the obligation to provide child support was not so limited.

C.    THE MOTION TO DISMISS AND THE MOTION FOR SUMMARY JUDGMENT

Lastly, we reach Debtor's procedural arguments.

Preliminarily, we note that a trial court's denial of a motion for summary judgment is not the proper subject of appeal following trial. Metropolitan Life Ins. Co. v. Golden Triangle, 121 F.3d 351 (8th Cir. 1997). In Metropolitan Life, the Eighth Circuit Court of Appeals adopted "the general and better view . . . against review of summary judgment denials on appeals from a final judgment after trial." Id. at 356. An appeal from a final judgment, however, necessarily incorporates an appeal from all earlier interlocutory orders (other than an order denying summary judgment) such as a denial of a motion to dismiss. Quackenbush v. Allstate Ins. Co., __ U.S. __, 116 S. Ct. 1712, 1718 (1996) ("The general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'"); Glass v. Dachel, 2 F.3d 733 (7th Cir. 1993); Peachtree Lane Assocs., Ltd. v. Granader (In re Peachtree Lane Assocs., Inc.), 188 B.R. 815, 822 (N.D. Ill. 1995). Therefore, although the bankruptcy court's denial of the Debtor's motion for summary judgment is not properly before us, the bankruptcy court's denial of the Debtor's motion to dismiss

15

is fully reviewable on appeal.

Rule 15(a) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7015, provides that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires." FED. R. BANKR. P. 7015. The bankruptcy court's decision whether to allow amendment will be reviewed only for an abuse of discretion. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Perkins v. Spivey, 911 F.2d 22, 34-35 (8th Cir. 1990).

The bankruptcy court did not abuse its discretion in denying the motion to dismiss and allowing Pamela to amend her complaint. Pamela's original complaint met the notice pleading requirements of Fed. R. Bankr. P. 7008(a). Wright v. Anthony, 733 F.2d 575, 577 (8th Cir. 1984); FED R. BANKR. P. 7008(f), 7015. A motion for a more definite statement is appropriate where a pleading is so vague or ambiguous that a party cannot reasonably be expected to plead in response. This was the true nature of Debtor's motion to dismiss, and the bankruptcy court properly exercised its discretion in denying the motion and allowed Pamela to file an amended and more specific complaint.

16

Accordingly, we AFFIRM the bankruptcy court's decision.


A true copy.

Attest:


      CLERK, U.S. BANKRUPTCY APPELLATE PANEL
      FOR THE EIGHTH CIRCUIT