In re Robert F.A. FRYE, Debtor.

James D. Sickal, Plaintiff,

v.

Robert F.A. Frye, Defendant.

Bankruptcy No. 98–4037–172.
Adversary No. 97–51395–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 8, 1999.

A. Thomas DeWoskin, St. Louis, MO, Case Trustee.

Curtis W. Carle, Salem, MO, for Debtor/Defendant.

### ORDER

JAMES J. BARTA, Chief Judge.

This matter is before the Court on a Motion for Summary Judgment filed by James D. Sickal ("Plaintiff"). The Plaintiff served as the attorney for the Debtor's non-debtor spouse in a non-bankruptcy court marital dissolution proceeding. In his motion for summary judgment, the Plaintiff requested that this Court find that the debt owed by the Debtor to the Plaintiff pursuant to a proposed non-bankruptcy court decree to be nondischargeable as being a debt in the nature of support. The Plaintiff submitted affidavits in support of the motion for summary judgment from the judge presiding over the dissolution proceeding as evidence of the intended purpose of the award at issue to be in the nature of support.

In his Amended Answer to the Amended Complaint, the Debtor opposed the request for nondischargeability of the debt as being a debt pursuant to a division of marital property that falls under the provisions of 11 U.S.C. § 523(a)(15). The Debtor raised the statutory defenses provided for in Section 523(a)(15)(A) and (B) stating that the Debtor did not have the ability to pay the debt from income or property that was not reasonably necessary for his support and that the discharge of the debt would result in a benefit to the Debtor that outweighs the detrimental consequences to the non-debtor spouse.

This is a core proceeding pursuant to Section 157(b)(2)(*l*) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), made applicable to bankruptcy by Rule 7056 of the Federal Rules for Bankruptcy Procedure ("Fed.R.Bankr.P."), contains the provisions governing motions for summary judgment. Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56. Under these provisions, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When a motion for summary judgment is made and supported by affidavits as provided for in the rule, the opposing party may not rest upon mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

In a previous Order, this Court found that the Plaintiff was the holder of a contingent, unliquidated pre-petition claim against the Debtor for the representation of the Debtor's non-debtor spouse in a marital dissolution proceeding. See Order dated May 19, 1998; File Document No. 6. No relief from the automatic stay was requested or granted in order to liquidate this claim.

A discharge under Section 727 of the bankruptcy Code does not discharge an individual debtor for any debt to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. 11 U.S.C. § 523(a)(5). This exception to discharge is not available as to those debts which are designated alimony, maintenance or support that are not actually in the nature of alimony, maintenance or support. 11 U.S.C. § 523(a)(5)(B). The determination of whether such a debt is actually in the nature of alimony, maintenance or support is a question of federal bankruptcy law. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983). A determination as to the dischargeability of a debt under Section 523(a)(5) is not the

exclusive jurisdiction of the bankruptcy court, but may be made by a non-bankruptcy court of competent jurisdiction in accordance with federal bankruptcy law. *In re Siragusa,* 27 F.3d 406, 408 (9th Cir.1994); *In re Perkins,* 228 B.R. 431, 433 (Bankr.E.D.Mo. 1998). Debts payable to third parties can be determined to be maintenance or support obligations, the crucial issue is the function the award was intended to serve. *Williams,* 703 F.2d at 1057.

 Awards or settlements that serve the function of support for the spouse, ex-spouse or child of a debtor may be in the form of "hold. harmless" agreements or payments to third parties. *Williams,* 703 F.2d at 1057. When such an award is based, at least in part, on the relative financial resources of the parties, courts have found the award to be in the nature of support. *See In re Kline,* 65 F.3d 749, 751 (8th Cir.1995). The determination of the nature of the award is based on a totality of the circumstances. A disparity in income or the ability to generate income, the nature of the obligations as necessities rather than luxuries, the relative necessary expenses of each party, and the disparity of financial resources are all factors in the determination of the function of the award. *See Friedkin v. Sternberg (In re Sternberg),* 85 F.3d 1400, 1406 (9th Cir.1996); *Williams,* 703 F.2d at 1056; *Kline,* 65 F.3d at 751.

 The Plaintiff submitted two affidavits from the Associate Circuit Judge of Pulaski County, Missouri, D. Gregory Warren, the judge presiding over the dissolution proceedings in the non-bankruptcy court. *See "Affidavit in Support of Complaint" File Document No. 7; Exhibit B and "Supplemental Affidavit in Support of Complaint" File Document 16.* In his affidavits, Judge Warren made clear his finding that the non-debtor ex-spouse was qualified to have the attorney's fees awarded to her in the form of maintenance and support based upon the evidence of substantial disparity with respect to earnings, education and training, financial resources, and work skills and the non-debtor ex-spouse's custody and care of the couple's two minor children. *Id.* This finding was based on a consideration of the factors that

is almost identical to the "totality of the circumstances" that must be considered in the Federal determination of dischargeability under Section 523(a)(5). In the circumstances presented here, it has been clearly established that the State trial court intended that this was to be an award for maintenance, alimony or support. The Bankruptcy Court has reviewed the circumstances of the award, including the State court's intention, and determined that the award is actually in the nature of maintenance, alimony or support. Thus, the federal bankruptcy law requirement that a debtor's obligations excepted from discharge under Section 523(a)(5) must be obligations that are actually in the nature of support has been satisfied.

The Court finds and concludes that the Plaintiff is the holder of a pre-bankruptcy, contingent, unliquidated claim against the Debtor; and that to the extent that the non-bankruptcy court enters a judgment against the Debtor for fees for services performed as attorney for the Debtor's non-debtor spouse prior to the commencement of this bankruptcy case; and that to the extent that the non-bankruptcy court determines that all or a portion of these fees are in the nature of support in accordance with federal bankruptcy, the resulting debt is not dischargeable under Section 523(a)(5) as being in the nature of support.

Having determined that the debt is of a kind described at Section 523(a)(5), it is not necessary to consider the issues presented under Section 523(a)(15).

Therefore, there is no genuine issue as to any material fact, and the Plaintiff is entitled to a judgment as a matter of law.

**IT IS ORDERED** that this matter is concluded; and that the Plaintiff's motion for summary judgment is granted; and

That judgment on this complaint is entered in favor of the Plaintiff and against the Defendant; and that any debt of the Debtor that is the contingent, unliquidated pre-petition claim of the Plaintiff for attorney fees as may be awarded against the Debtor, is not discharged in this case as being support un-

der 11 U.S.C. § 523(a)(5); and that all other requests in this matter are denied as moot.