In re Scott S. JOFFRION, Debtor.

John Olszewski, Plaintiff–Appellee,

v.

Scott S. Joffrion, Defendant–Appellant.

No. 99–T–870–N.

United States District Court,
M.D. Alabama,
Northern Division.

Sept. 9, 1999.

Charles M. Ingrum, Opelika, AL, for plaintiff.

John L. Olszewski, Minor & Olszewski, LLC, Montgomery, AL, for defendant.

Cecil M. Tipton, Jr., Ray & Tipton, Opelika, AL, for trustee.

## *MEMORANDUM OPINION*

MYRON H. THOMPSON, District Judge.

Appellant Scott S. Joffrion challenges a decision of the United States Bankruptcy Court for the Middle District of Alabama, holding that his debt to appellee John Olszewski for guardian ad litem fees arising out of a post-divorce child custody dispute was not dischargeable in bankruptcy. This district court's appellate jurisdiction has been properly invoked under 28 U.S.C.A. § 158(a). After carefully reviewing the record, including the briefs, made in bankruptcy court, this court now concludes, for the following reasons, that the judgment of the bankruptcy court should be affirmed.

## I. BACKGROUND

The facts of this case are undisputed. On April 29, 1997, Scott Joffrion filed a petition in the state trial court for modification of the child custody provisions in the November 1994 consent agreement resulting from divorce proceedings with his former wife. In response, Joffrion's former wife filed a petition for contempt, seeking court enforcement against Joffrion of orders issued by the state court relating to support and visitation of the couple's two children. On May 5, 1997, the state court appointed appellee John Olszewski as guardian ad litem to represent the best interests of the children in the substantial litigation that ensued. This litigation resulted in a consent agreement, entered by the court on July 29, 1998, which, among many other provisions, required Joffrion and his former wife each to pay half of Olszewski's reasonable guardian ad litem fees.

On February 10, 1999, Joffrion filed a Chapter VII bankruptcy petition, seeking discharge of his outstanding debts, including that owed to Olszewski. Olszewski then initiated this action, claiming that the fees owed him by Joffrion fall within the exception to discharge carved out in 11 U.S.C.A. § 523(a)(5) for debts owed for the maintenance or support of a child or spouse, and therefore could not be discharged in bankruptcy. The bankruptcy court ruled in Olszewski's favor, concluding that Joffrion's debt to Olszewski did amount to child support, and was thus nondischargeable under § 523(a)(5). Joffrion appeals from this decision, and both parties have consented to submission based on the record made in bankruptcy court.

## II. STANDARD OF REVIEW

■ Functioning in its appellate capacity, this district court reviews determi-

nations of law by the bankruptcy court *de novo,* but gives greater deference to the bankruptcy court's factual findings, reviewing them only for clear error. *See In re Chang,* 163 F.3d 1138, 1140 (9th Cir. 1998); *In the Matter of Dvorak,* 986 F.2d 940, 941 (5th Cir.1993). The matter presently before the court includes both an issue of fact and one of law. The question of whether the debt incurred by Joffrion was actually intended as support for his children is an issue of fact, reviewable by this court only for clear error. *See, e.g., Chang,* 163 F.3d at 1140; *In re Kline,* 65 F.3d 749, 750 (8th Cir.1995). This factual finding bears strongly on, but is not wholly dispositive of, the ultimate question of federal law, namely whether the debt falls within the scope of § 523(a)(5). *See, e.g., Kline,* 65 F.3d at 751; *In re Jones,* 9 F.3d 878, 880 (10th Cir.1993); *Adams v. Zentz,* 963 F.2d 197, 199–200 (8th Cir.1992).

### III.  DISCUSSION

██ Olszewski claims that the guardian ad litem fees owed to him by Joffrion constitute support for Joffrion's children, despite being payable to him rather than directly to the children themselves, and are therefore nondischargeable under federal bankruptcy law. Section 523(a)(5) of the Bankruptcy Code creates an exception to the general rule of discharge in bankruptcy, stating that any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order" is not dischargeable.

The first issue before the court is whether the bankruptcy court clearly erred in finding that Joffrion's obligation to pay guardian ad litem fees was intended as support for his children. Courts have upheld bankruptcy court judgments concluding that the appointment of a guardian ad litem to represent the best interests of the child furthers the child's welfare, and the obligation to pay such guardian's fees is therefore in the nature of support for that

child. *See, e.g., In re Miller,* 55 F.3d 1487, 1490 (10th Cir.1995) (upholding finding that guardian ad litem fees incurred in custody proceedings relate directly to support of the child); *Dvorak,* 986 F.2d at 941 (holding that guardian ad litem fees intended for the child's benefit are in the nature of support). In the instant case, the state court appointed Olszewski to "represent the interests of the minor children"; it was therefore not clear error for the bankruptcy court to find that the guardian ad litem fees required to be paid by Joffrion were intended as support for his children.

Courts have also determined whether a debt is in the nature of support by looking to the characterization of the debt under state law. In *In re Strickland,* 90 F.3d 444, 447 (1996), for example, the Eleventh Circuit Court of Appeals held that an attorney's fee award arising from a post-divorce custody action was nondischargeable support under § 523(a)(5), in part because, under Florida law, the award was based on the former spouse's inability to pay the fees herself. Similarly, under Alabama law a court allocating costs and fees should consider a variety of factors, including "the earning capacities of the parties [and] the financial circumstances of the parties." *Chandler v. Chandler,* 501 So.2d 1234, 1235 (Ala.Civ.App.1987). The fact that awards are based in part on financial capacity of the parties supports the finding that the distribution of guardian ad litem fees in the instant case was intended as part of Joffrion's familial support obligation. The bankruptcy court's finding to this effect was therefore not clearly erroneous.

██ Having determined that the bankruptcy court's factual finding as to the nature of Joffrion's debt was not clearly erroneous, the court now turns to the remaining issue of whether, as a matter of federal law, the debt to Olszewski falls within the exception created by § 523(a)(5) of the Bankruptcy Code. The general policy underlying Chapter VII of the Bank-

ruptcy Code, 11 U.S.C.A. §§ 1–1330, is to give debtors a "fresh start"; exceptions to discharge are therefore usually construed narrowly. *See Kline,* 65 F.3d at 751. Section 523(a)(5) reflects a prioritization of the policy of enforcing familial obligations, however, and it is therefore interpreted somewhat more broadly than other exceptions to discharge. *See Chang,* 163 F.3d at 1140; *Kline,* 65 F.3d at 751; *Miller,* 55 F.3d at 1489. In determining whether a debt constitutes support of a child or spouse for the purposes of § 523(a)(5), the particular features of the state law obligation are not dispositive, and the court need only determine generally whether the debt is "in the nature of support." *In re Harrell,* 754 F.2d 902, 904–05 (11th Cir. 1985).

█ In addition, it is well-settled that the applicability of § 523(a)(5) to a particular debt should not rely on the identity of the payee. *Chang,* 163 F.3d at 1141; *Kline,* 65 F.3d at 750; *Miller,* 55 F.3d at 1490. Accordingly, the fact that Joffrion's debt was owed to the guardian ad litem rather than directly to his children does not necessarily indicate that it was not intended for the support of his children.

For these reasons, the court concludes that the guardian ad litem fees owed by Joffrion constitute support for the purposes of 11 U.S.C.A. § 523(a)(5), and therefore are not dischargeable in bankruptcy.

Joffrion raised an additional claim to the effect that, should the court determine that his debt to Olszewski is nondischargeable under § 523(a)(5), the court should reduce the amount of his debt in accordance with state law. The bankruptcy court rejected this claim on the grounds that Joffrion misapplied § 15–12–21 of the 1975 Alabama Code, which establishes a cap on the fees available to court-appointed attorneys in certain types of cases. Whether or not the bankruptcy court's interpretation is correct, however, this claim is not properly before this court. It is an matter of Ala-

bama state law, and this court accordingly declines to reach the issue.

An appropriate judgment will be entered affirming the decision of the bankruptcy court as to the issue of the nondischargeability of Joffrion's obligation to pay Olszewski's guardian ad litem fees.