**In re Dale Andrew ORZEL and Tina Renee Orzel, Debtors.**

**No. 02–64072 JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Jan. 4, 2008.

David Dabertin, Hammond, IN, for Debtors.

### JUDGMENT SUSTAINING OBJECTION TO CLAIM

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

On September 17, 2007, the debtors ("Orzel"), by counsel, filed an objection to Claim # 1 filed by creditor Urban & Burt ("Urban"). The objection asserts that the claim "is a divorce-related debt, but does not meet the criteria of support", and thus that the claim does not meet the criteria for allowance as a priority claim and should be allowed as a general unsecured claim. Notice of the objection was properly provided to Urban by the debtors. On October 16, 2007, Urban filed a timely response to the objection. The Court conducted a hearing on November 19, 2007 with respect to the objection and the response to the objection. Orzel appeared by counsel David Dabertin; Urban appeared by counsel Edmund G. Urban III; the Chapter 13 Trustee appeared personally.

Based upon the record established by the parties, the Court stated at the hearing on November 19, 2007 that the objection would be sustained. This written determination states the Court's final judgment in this contested matter.

Claim # 1 was filed on September 9, 2002 by the claimant Urban & Burt. The claim is in the amount of $1,734.99. The basis for the claim is stated to be "Services performed", and Section 6 of the proof of claim states that priority is claimed for "Alimony, maintenance or support owed to a spouse, former spouse or child—11 U.S.C. § 507(a)(7)". Attached to the proof of claim is a copy of "Judgment of Dissolution of Marriage" entered with respect to the marriage of Karen Orzel and Dale Orzel in case number 93 D 18220 in the Circuit Court of Cook County, Illinois, Domestic Relations Division on October 1, 1996.

The basis for the creditor's claim is stated in sub-paragraph XI(A) on page 13 of that order. That provision states:

A. *Responsibility for fees*

1. DALE shall pay to URBAN, BURT & COSSIDENTE, LTD., KAREN'S attorneys. In addition to any other sums paid to said attorneys, and as and for his share of their fees for services rendered her in the cause presently pending between the parties, the sum of *$1150*. The aforesaid sum shall be paid immediately upon the entry of the Judgment for Dissolution of Marriage.

2. To secure payment of said legal fees and costs, DALE ORZEL agrees that judgment shall be entered in favor of URBAN, BURT & COSSIDENTE, LTD. and against DALE ORZEL in the amount of *$1150*. Said Judgment shall be payable in the amount of $ per month.

The claim asserted as a claim entitled to priority is thus based upon a judgment of a state court in a dissolution of marriage action which specifically designates the

debt owed by the debtor to be owed to "Urban, Burt & Cossidente, Ltd.".

Two other provisions of the dissolution of marriage judgment require examination as well. Those provisions—sections VII(B)(6) and (7)—are in pertinent part as follows:

6. Without limiting in any manner the parties (sic) undertakings hereunder, if upon this Agreement becoming effective, Husband or Wife fails to pay any obligation assumed by him or her, or as set forth in this Agreement, the nondefaulting party shall have the right to make any payments in connection therewith and the defaulting party shall reimburse the nondefaulting party for such expenditures and shall likewise be liable for an (sic) shall pay all costs, expenses and reasonable attorney's fees arising as an incident of his or her default and for which the nondefaulting party becomes obligated, including those obligations hereunder.... The nondefaulting party shall have the right to pursue enforcement of the obligations undertaken by the defaulting party by whatever remedy or remedies are legally available to him or to her.

7. As to all hold harmless agreements for debts of the parties contained in this Article and ARTICLE XI, such hold harmless agreements are acknowledged by the parties to be in the nature of support and maintenance of the wife and child for the purposes of Section 523(a)(5) of the Federal Bankruptcy Act. Further, the parties acknowledge that these hold harmless agreements and indemnification agreements are based upon both the wife's unemployable position and/or low income and also after taking into account the division of marital property received by the other spouse. If at any time in the future a court finds that such hold harmless

agreements are in the nature of a property settlement and KAREN become liable and in fact pays said indebtedness, the (sic.) DALE agrees that he will pay to KAREN as maintenance.

The law which controls the determination in this contested matter is that in effect prior to the enactment of BAPCPA, with its effective date of October 17, 2005. 11 U.S.C. § 507(a)(7) provided, as applicable to this case, the following:

(a) The following expenses and claims have priority in the following order:

. . .

(7) Seventh, **allowed claims for debts to a spouse, former spouse, or child of the debtor,** for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

(A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support. (emphasis supplied).

The absolutely clear, express terms of 11 U.S.C. § 507(a)(7) are that to be entitled to priority, a debt must be an allowed claim for a debt "to a spouse, former spouse, or child of the debtor . . .", subject to several limitations not applicable here. The term "debt" is defined by 11 U.S.C. § 101(12) to mean "liability on a claim". The term "claim" is defined by 11 U.S.C. § 101(5) to mean either a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment". The

principle of the "right to an equitable remedy . . ." is not applicable in the context of this matter. Thus, in order to be allowable as a claim entitled to priority, Urban's claim must be a "right to payment" of a spouse, former spouse or child of Dale Orzel.

The provisions of sections XI(A)(1) and (2) do not provide for a right to payment to a spouse, former spouse or child of Dale Orzel. The right to payment in these provisions is solely that of Urban, and thus the debt sought to be asserted as a priority claim fails under these provisions of the dissolution decree. Sections VII(B)(6) and (7) don't add any validity to Urban's contentions. Under section VII(B)(6), the debt to Urban might have become a claim **assertable by Karen Orzel** had she paid that debt and then asserted that claim against Dale Orzel in his bankruptcy case—that is not the case here. Any contention under section VII(B)(7) fares even less well. First, that section refers to "hold harmless" agreements under Article XI, and there simply are no such agreements in that Article: the provisions of that Article provide exclusively for direct payment obligations, without a whiff of any hold harmless obligation such as that stated in Section VII(A). Secondly, again, any obligation arising under section VII(B)(7) is that of Karen's to enforce—not that of Urban.

Because the judgment in the dissolution action upon which Urban relies specifically states that the debt imposed by that dissolution order requires the debtor Dale Orzel to pay Urban—not his former spouse— Orzel has no liability on a "claim" with respect to which his former wife can claim a direct right to payment. The "debt" upon which the claimant relies is strictly an indebtedness owed to a third party law firm who represented the debtor's former spouse in a dissolution of marriage action, and by the express provisions of the Bankruptcy Code it is not payable to a "a spouse, former spouse, or child of the debtor" as required by § 507(a)(7).

At the hearing held on November 19, 2007, counsel for Urban asserted, understandably, that some judicial decisions have held that debts of the nature of that asserted by the claimant are within the provisions of § 507(a)(7). Most of these cases deal with issues of exception from discharge under 11 U.S.C. § 523(a)(5), which admittedly identically states the identity of the claimant whose debt is entitled to exception from discharge as "a spouse, former spouse, or child of the debtor". The Court acknowledges that there is case law which would support the claimant's position; *See,* e.g., *In re Kline,* 65 F.3d 749 (8th Cir.1995) [which interestingly enough reversed a plethora of decisions in the United States District Courts for the Eastern and Western Districts of Missouri which are in accord with this Court's determination—e.g., *In re Townsend,* 177 B.R. 902 (Bkrtcy.E.D.Mo.1995); *In re Garcia,* 174 B.R. 529 (Bkrtcy. W.D.Mo.1994)]. However, this court is not bound by those decisions. With all due respect to all courts, including the Eighth Circuit Court of Appeals, which have addressed the issue of whether a judgment for attorney's fees entered in favor of a third-party law firm (as contrasted to the debtor's spouse) in a dissolution of marriage action or an action for child support or maintenance falls within the parameters of 11 U.S.C. § 523(a)(5)/ § 507(a)(7)— those courts totally failed to give effect to the unambiguous language of the statutes under review, and instead adopted a construction of the law as they deemed it should be, rather than an interpretation of the law as Congress wrote it; *See,* the Honorable Morris Sheppard Arnold's dissent in *In re Kline,* supra. While perhaps a noble cause as these things go, these

decisions in essence constitute legislation by the judicial branch, an exercise which this Court is unwilling to do, and an adventure upon which this Court is Constitutionally precluded to embark.

The identity of the claimant required by § 507(a)(7) couldn't be clearer—the debt must be owed to a "spouse" or "former spouse", and not to a law firm which represented the "spouse" or "former spouse" in a dissolution of marriage action. Congress is perfectly able to identify variations among persons directly or indirectly benefitted by a transaction or a court determination when the intent of Congress is to expand a class beyond the direct recipient; *See, e.g.,* 11 U.S.C. § 547(b)(1) [causing a "transfer" "to **or for the benefit of** a creditor" (emphasis supplied) to constitute an avoidable preference, subject to other elements of the statute]; 11 U.S.C. § 550(a)(1) [providing for liability of a transferee of an avoided transfer with respect to reference to "the entity **for whose benefit** such transfer was made" (emphasis supplied)]. If 11 U.S.C. § 507(a)(7) had been phrased as "debts to **or for the benefit of** . . .", Urban might win. But, unfortunately for Urban, § 507(a)(7) isn't phrased that way.

There are no cases in the Seventh Circuit which address the issue raised in this contested matter. The case of *In re Seibert,* 914 F.2d 102 (7th Cir.1990) has at times been cited by commentators as standing for the proposition that the identity of the obligant is not relevant if the underlying debt is one for support of a spouse or former spouse. That analysis is totally incorrect. In that case, the Court held that pregnancy and confinement expenses and court costs awarded against the putative father in a paternity action in favor of a county which pursued those

expenses were nondischargeable pursuant to 11 U.S.C. § 523(a)(5). However, the facts of the case are clear that the county proceeded *pursuant to an assignment of claims by the mother of the debtor's child,* and thus the rights of the county were totally determined by the mother's direct rights against the debtor. The issue of whether or not an award or judgment entered in favor of a third party could fall within the parameters of § 523(a)(5) were never before the Court in that case.

The Court recognizes that state divorce courts understandably have little expertise with respect to the effect of their decisions under federal bankruptcy law. It would perhaps advance those courts' intended result under the Bankruptcy Code if awards for attorney's fees were made directly payable to "a spouse, former spouse, or child of the debtor" if those fees are in fact intended to fall within the parameters by which the claimant in this case seeks to define them. It would also perhaps advance those courts' intent if their decrees specifically stated that the determination of support obligations was in part made with reference to the factual determination that if Spouse A does not pay Spouse B's attorney's fees—fees for which the court finds that Spouse B is liable regardless of whether Spouse A pays them—the amount of money available to Spouse B for support of the parties' children will be diminished, and thus that the payment of attorney's fees is deemed to be an integral part of the support order. It would also behoove attorneys in the position of Urban to seek to have their clients pursue claims themselves, or to obtain an absolute assignment (as contrasted to an assignment solely for the purpose of collection [1]) of their clients' claim—if they want to get paid.

1. Of course with the clear understanding of the client that an absolute assignment precludes the client-assignor from enforcing the claim or receiving payment on it.

The claim sought to be asserted by Urban is absolutely and clearly an obligation owed solely to that claimant, and not in any manner a debt "to a spouse, former spouse, or child of the debtor" within the parameters of 11 U.S.C. § 507(a)(7), as applicable to this case.

Based upon the foregoing, the Court determines that the debtors' objection to Claim #1 filed by Urban & Burt should be sustained, and that said claimant is entitled to a general unsecured claim of $1,734.99.

IT IS ORDERED, ADJUDGED AND DECREED that the debtors' objection to Claim #1 of Urban & Burt is sustained with respect to classification of that claim as a claim entitled to priority under 11 U.S.C. § 507(a)(7).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Urban & Burt shall be entitled to a general unsecured claim in the amount of $1,734.99.