**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wesley E. Snipes, Appellant,

v.

Crystal M. Charles a/k/a Crystal M. Snipes, Respondent.

Appellate Case No. 2010-163966

———————

Appeal From York County
Henry T. Woods, Family Court Judge

———————

Unpublished Opinion No. 2013-UP-329
Heard October 31, 2012 – Filed July 24, 2013

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellant.

Thomas Franklin McDow, IV, and Erin K. Urquhart, both of Law Office of Thomas F. McDow, and Lucy L. McDow, all of Rock Hill, for Respondent.

———————

**PER CURIAM:** Wesley E. Snipes (Father) appeals the order of the family court setting child support, determining Snipes's child support arrearage, and holding past due attorney's fees were not discharged by Snipes's bankruptcy. We affirm.

We disagree with Father's argument the family court erred in holding the prior award of attorney's fees in the parties' divorce decree was not discharged by his bankruptcy.  See 11 U.S.C.A. § 523(a)(5) (West Supp. 2012) (excepting from bankruptcy discharge domestic support obligations); *In re Kline*, 65 F.3d 749, 751 (8th Cir. 1995) (holding the Bankruptcy Code excepts from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or of the child of the debtor); *In re Poole*, 383 B.R. 308, 313 (Bankr. D. S.C. 2007) (recognizing that because the language of the Bankruptcy Code's definition of domestic support obligation includes debts 'owed to or recoverable by' a spouse, debts to be paid directly to third parties such as attorney's fees and credit card payments would not necessarily be excluded if they are enforceable and recoverable by the spouse via further proceedings in the family court).  Although the divorce decree ordered Father to pay the attorney's fees directly to the attorney who represented Crystal M. Charles a/k/a Crystal M. Snipes (Mother) in that action, it in no way relieved Mother of the responsibility of paying the fees.  Further, there is no evidence in the record that Mother's attorney absolved her from paying the fees.  Instead, Mother has pursued payment of the fees through contempt actions against Father due to his refusal to pay the fees.  In addition, we hold the family court did not err in finding the award of attorney's fees was in the nature of child support and spousal support. The factors considered by federal courts in determining whether particular debts are intended to serve as support are similar to what our courts consider in determining whether to award attorney's fees. *Compare Matter of Joseph*, 16 F.3d 86, 88 (5th Cir. 1994) (listing the factors to consider "as the disparity in earning power of the parties, their relative business opportunities, the physical condition of the parties, their probable future need for support, the educational background of the parties, and the benefits they would have received had the marriage continued"), *and In re Tatge*, 212 B.R. 604, 608 (8th Cir. B.A.P. 1997) (listing the factors as "the parties' relative financial conditions at the time of divorce, the parties' respective employment histories and prospects for financial support, the fact that one party or another receives the marital property, the periodic nature of the payments, and whether it would be difficult for the former spouse and children to subsist without the payments."), *with E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (listing as factors to consider in awarding attorney's fees as the party's ability to pay his/her own attorney's fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, and the effect of the attorney's fee on each party's standard of living).  In the divorce decree, the family court held Mother did not have the ability to pay her own fees and costs while Father had the ability to pay them.  It noted Mother had limited education

and had little opportunity for future acquisition of capital assets while Father maintained two jobs where he earned a substantial income. It also found Father was in good health while Mother was deaf in one ear, had vertigo, and had experienced bouts of depression. It ordered Father to pay periodic child support payments to Mother and noted Mother needed financial assistance from Father to support the children. Thus, under the factors set forth by the federal courts, the award of attorney's fees was in the nature of support.

Next, we find no merit to Father's argument the family court erred in stating Mother's counsel was "essentially working pro bono." As the family court made this statement in the section of the order denying Mother's request for additional attorney's fees, we fail to see how Father was prejudiced by the statement. *See Divine v. Robbins*, 385 S.C. 23, 38, 683 S.E.2d 286, 294 (Ct. App. 2009) (holding that appellant seeking reversal must show both error and prejudice).

We disagree with Father's argument that the family court's order barring any change in the amount of his child support payment is in excess of the family court's jurisdiction. The family court set the amount of support and stated "In the event [Father] is entitled to a reduction in his current child support obligation because of the emancipation of a child or for any other reason, he shall continue to pay the same amount of child support and the amount of the reduction shall be applied toward his arrearage." The family court did not rule Father's support obligation could not be reduced. It simply provided for the method Father would pay off the child support arrearage.

Finally, we find no error in the family court's refusal to recalculate Father's reduction in child support to the date of the filing of his 2006 complaint, which was administratively dismissed. *See* S.C. Code Ann. § 63-17-310 (2010) ("No such modification [of an order of child support] is effective as to any installment accruing prior to filing and service of the action for modification."); *S.C. Dep't. of Soc. Servs. v. Polite*, 391 S.C. 275, 283, 705 S.E.2d 78, 82 (Ct. App. 2011) (holding the family court erred in reducing a father's child support payments retroactive to the date he contacted the South Carolina Department of Social Services inquiring about modification of his support amount). Furthermore, Father's argument on this issue is conclusory and not supported by any authority. Accordingly, it is abandoned. *See Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (finding appellants abandoned an issue on appeal where they failed to cite any case law for a proposition and made only conclusory arguments in support thereof).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**