PER CURIAM.
 

 Following a paternity lawsuit, a state court found John Richard Kemp, Jr., is the natural father of Melinda Williams’s son, Matthew. The court ordered Kemp to pay Williams for half of the birth expenses, necessities, and child support. Kemp filed a Chapter 7 bankruptcy petition, and Williams filed a complaint in the bankruptcy proceeding alleging the debt is nondischargeable under 11 U.S.C. § 523(a)(5), which states “a discharge ... does not discharge an individual debtor from any debt — to a spouse, former spouse, or child of the debtor, for ... support of such spouse or child, in connection with a[n] ... order of a court of record .” The bankruptcy court and bankruptcy appellate panel agreed the debt is nondischargeable.
 
 See In re Kemp,
 
 234 B.R. 461, 469-70 (Bankr.W.D.Mo.1999);
 
 In re Kemp,
 
 242 B.R. 178, 181-82 (8th Cir. BAP 1999).
 

 On appeal, Kemp argues § 523(a)(5) does not apply because he owes the debt to Williams and she is not his spouse, former spouse, or child. Section 523(a)(5) may apply even if the payee is not a spouse, former spouse, or child of the debtor, however.
 
 See In re Kline,
 
 65 F.3d 749, 751 (8th Cir.1995). It is the nature of the debt, not the identity of the payee, that determines the debt’s dischargeability under § 523(a)(5).
 
 See id.
 
 Debts in the nature of support are not dischargeable in bankruptcy.
 
 See
 
 11 U.S.C. § 523(a)(5);
 
 Kline,
 
 65 F.3d at 750. The policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor.
 
 See id.
 
 at 751. Kemp’s debt to Williams is in the nature of support for his child and is thus nondischargeable under § 523(a)(5).
 
 See id.; In re Chang,
 
 163 F.3d 1138, 1140-41 (9th Cir.1998),
 
 cert. denied,
 
 526 U.S. 1149, 119 S.Ct. 2029, 143 L.Ed.2d 1039 (1999);
 
 In re Seibert,
 
 914 F.2d 102, 106 (7th Cir.1990). Accordingly, we affirm.