**In re James Regan FORGETTE, Debtor.**

**Michaela Forgette Shaver, Movant,**

**v.**

**James Regan Forgette, and Rebecca Connelly, Trustee, Respondents.**

**No. 07–70458.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Nov. 30, 2007.

---

**624**

Lance M. Hale, Roanoke, VA, for Movant.

Tonya Leigh Janney, Rocky Mount, VA, for Respondents.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

This matter comes before the court on the Movant's motion for relief from stay. A hearing on the matter was held August 9, 2007. After reviewing the evidence and relevant authorities, the Movant's motion for relief from stay is DENIED.

## BACKGROUND

The Debtor, James Forgette, and the Movant, Michaela Forgette Shaver, received a divorce decree from the Circuit Court of Franklin County (herein the Circuit Court) on July 21, 2006. Within that divorce decree, the Circuit Court ordered that:

> James Regan Forgette shall become the sole owner of the 2004 Ford Explorer (titled solely in his name) and any other vehicle titled solely in his name. James Regan Forgette shall be obligated for all indebtedness associated with said vehicles. However, Michaela Forgette shall be entitled to retain possession of the 2004 Ford Explorer for thirty (30) days from June 30, 2006 and Michaela Forgette shall be obligated to make the July 2006 payment associated with this vehicle.

Following the divorce decree, neither party made any payments on the above mentioned Ford Explorer debt held by Sun-Trust Bank (herein the Car Debt). In October of 2006, the Ford Explorer was repossessed. SunTrust filed a Warrant in Debt against the Debtor and the Movant,

and obtained judgment in the amount of $13,738.96 against both parties on January 9, 2007. The Debtor filed a chapter 13 bankruptcy petition on March 28, 2007. Subsequently, SunTrust filed a garnishment summons against the Movant, but had not moved forward on the summons as of the time the hearing on this motion was held. On July 12, 2007, the Movant filed priority claim # 12 for $18,330 representing "Domestic Support Obligations." The Debtor did not dispute a portion of the claim representing owed child and spousal support and provided for that amount in his amended plan. The remaining amount in dispute, approximately $13,900, represents the debt owed to SunTrust on the repossessed 2004 Ford Explorer. SunTrust filed Proof of Claim # 3 in the amount of $13,922.03 as an unsecured claim representing the same debt.

On July 18, 2007, Michaela A. Forgette Shaver moved for relief from the debtor's stay to enable her to go to Circuit Court to enforce the portion of the divorce decree obligating the Debtor for all indebtedness associated with the Ford Explorer. The legal theory advanced for relief from stay was that "[c]ause exists for lifting the automatic stay imposed by § 362 of the Bankruptcy Code." Debtor's Motion for Relief of Stay at 2.

### DISCUSSION

Section 362 of the United States Bankruptcy Code governs the application of the automatic stay in bankruptcy cases. The Code provides for the automatic stay in § 362(a) and provides exceptions to the stay in § 362(b). Section 362(d) provides that the bankruptcy court shall grant relief from the stay in certain situations.

A. Section 362(b) Exceptions to the Automatic Stay—Domestic Support Obligation

Section 362(b) of the United States Bankruptcy Code lists exceptions to the automatic stay imposed by § 362(a). Specifically, § 362(b)(2) lists situations relating to divorce proceedings under which the automatic stay does not operate. Section 362(b)(2)(B) states that § 362(a) does not operate as a stay "of the collection of a domestic support obligation from the property that is not property of the estate." Section 362(b)(2)(C) states that § 362(a) does not operate as a stay "with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute." Therefore, whether a debtor is protected by the automatic stay with regard to an obligation arising from a divorce decree or settlement depends on whether that obligation constitutes a "domestic support obligation" as defined in § 101(14A) of the Bankruptcy Code.

The term "domestic support obligation" as defined in § 101(14A) has four separate requirements, all four of which must be met for an obligation to be considered a domestic support obligation. *See In re Knox*, 2007 WL 1541957 (Bankr.E.D.Tenn. May 23, 2007) (determining that the debt at issue met requirements (A), (C), and (D) and that whether the debt was a domestic support obligation rested on whether that debt met requirement (B) of the definition of domestic support obligation found in § 101(14A)).

Section 101(14A)(A) states that one criteria of a domestic support obligation is that it is a debt "owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a government unit." The Car Debt imposed on the Debtor by the Circuit Court fails to meet this first requirement of a domestic support obligation as set out in

§ 101(14A)(A). The Car Debt is owed to SunTrust Bank and, at the date of the filing of Debtor's chapter 13 petition, was not owed to or recoverable by the Movant.[1] Therefore, the alleged debt for which the Movant seeks relief fails to meet the first requirement of a "domestic support obligation," and because the requirements are read conjunctively, the SunTrust obligation cannot be a domestic support obligation as defined by the Bankruptcy Code. Finally, because there is not a domestic support obligation, the Car Debt fails to fall within any exception to the automatic stay under § 362(b) and relief is not available thereunder.

B. Section 362(d) Relief from Stay—Cause

■■■■ Section 362(d)(1) permits relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1) (2006). Because the Bankruptcy Code "provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *Mac Donald v. Mac Donald (In re Mac Donald),* 755 F.2d 715, 717 (9th Cir.1985).

The court could locate no case law addressing the issue of whether a non-debtor spouse has cause for stay relief where a third party creditor is attempting to collect a joint debt assigned in a divorce decree to the debtor spouse. However, in this case "cause" is lacking primarily because the Movant has failed to establish that she has

---

1. Further, there is no evidence that any debt to the Movant has accrued post petition.

2. This court issued a Decision and Order simultaneously with this Decision and Order granting the above named Debtor's objection

a claim under the Bankruptcy Code against the debtor's estate.[2]

Accordingly, it is

### ORDERED:

That the Movant's motion for relief from the stay is DENIED.

to Michaela Forgette Shaver's claim for the Car Debt, finding that Michaela Forgette Shaver failed to establish that she had a claim as defined by the Bankruptcy Code for the Car Debt.