**In re Kurt Darren ANDREWS, Debtor.**

**No. 4:09–bk–72051M.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

July 12, 2010.

Tony L. Yocom, Yocom Law Firm, PLC, Hope, AR, for Debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Before the Court are three matters: An objection to the claim of creditor Terry L. Mock filed by Kurt Darren Andrews, the Debtor in this case; an objection to confirmation of plan filed by Mock; and a Motion for Judgment on the Pleadings filed by Mock. The identical issue raised by each pleading is whether Mock's claim is entitled to priority treatment.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) & (L), and the Court has jurisdiction to enter a final judgment in this case.

## FACTS

On April 27, 2009, the Debtor filed a voluntary petition for relief under the pro-

visions of Chapter 13 of the United States Bankruptcy Code. The Debtor filed a plan of reorganization on April 28, 2009, and an amended plan of reorganization on July 14, 2009. The amended plan asserted that there were no priority creditors to be paid through the plan and proposed a pro rata distribution to unsecured creditors and a monthly plan payment of $320.00 to the Chapter 13 Trustee for a period of sixty months.

On August 10, 2009, Mock, the attorney who represented the Debtor's former wife in divorce proceedings prior to the bankruptcy filing, filed an objection to confirmation. Her objection was that the plan failed to propose to pay in full a debt to her for attorney's fees despite the fact that the debt entitled her to a priority claim pursuant to Section 507(a)(1)(A)-(B) of the Bankruptcy Code.

On July 16, 2009, the Debtor filed an objection to Mock's claim of $4500.00 on the grounds that the claim was owed by the Debtor to Mock for attorney fees and not to Deborah Ann Andrews, the Debtor's former wife. Therefore, the Debtor argued, Mock's claim does not qualify as a domestic support obligation entitled to priority under Section 507(a)(1)(A).

A hearing on the two objections was held on December 8, 2009, in Texarkana, Arkansas, and the Debtor appeared in person and through his counsel, Tony L. Yocum. Mock and her client, Mrs. Andrews, failed to appear. On the day before the hearing date, Mock filed the Motion for Judgment on the Pleadings, in which she stated that she would be unable to attend the hearing in Texarkana because of prior obligations. The motion arrived too late to be considered at the December 8 hearing.

At the December 8 hearing, the Court received into evidence the testimony of the Debtor and two exhibits. Plaintiff's Ex-

hibit 1 is a copy of Mock's proof of claim, attached to which was a certified copy of the order ("divorce decree") of the Circuit Court of Lauderdale County ("circuit court") filed January 25, 2008, regarding the divorce proceedings of the Debtor and Mrs. Andrews. Plaintiff's Exhibit 2 is a copy of an order of the circuit court filed on December 2, 2009, that purports to clarify the January 25, 2008 order.

At the first hearing, the Debtor testified that he was formerly married to Deborah Ann Andrews and that he was divorced from her in Alabama on January 25, 2008. He stated that the divorce decree gives Mock, his former wife's attorney, a judgment for attorney's fees in the sum of $5000.00.[1]

The divorce decree included in Plaintiff's Exhibit 1 grants the parties a divorce, divides property, allocates debt, determines child custody, and grants child support and alimony to Mrs. Andrews. The circuit court made the following finding: "The Husband has been the primary provider for the family during the marriage. The Wife has limited education or work experience. It will be necessary for the Husband to provide spousal support for the Wife." (Plaintiff's Exhibit 1 at 2.) The court also made a finding that "[t]he Husband has the ability to earn income of approximately $100,000 to $120,000 annually. The Mother has the ability to earn income of approximately $17,000 annually." (Plaintiff's Exhibit 1 at 3.)

At the conclusion of the order, the following paragraph deals with attorney fees: "14. ATTORNEY FEES: The Husband shall pay $5000 as attorney fees on behalf of the Wife. This award shall constitute a judgment for which execution shall issue." (Plaintiff's Ex. 1 at 7.)

In the subsequent clarification order, the circuit court specifically characterized the attorney fee award as a support obligation:

the Decree of January 24, 2008, is clarified to provide that the attorney's fees awarded in this Court's Decree were awarded to be paid on behalf of the Wife as a consequence of the attorney's efforts in establishing an award to the Wife for her support and maintenance as well as the support and maintenance of the minor children. That due to the parties' disparate income status as found and indicated by this Court's findings, it would not be possible for the Wife to satisfy the reasonable attorney's fees incurred during the litigation of this matter and that it would be necessary for the Husband to pay the same on the Wife's behalf. That the Court intended for said award to be in the nature of support for the Wife due to her inability to pay the same.

Plaintiff's Exhibit 2.

The Debtor testified that the clarification order was issued without a prior hearing and without notice to the Debtor. (Tr. at 8, December 8, 2009.)

After the hearing on December 8, the matter was taken under advisement. Thereafter, a hearing was scheduled on March 2, 2010, on Mock's Motion for Judgment on the Pleadings, at which time further argument ensued on the issue of whether the claim was for a domestic support obligation entitled to priority status in the Chapter 13 plan. Present were counsel for the Debtor and Mock, who appeared *pro se.* The Court again took the matter under advisement.

---

1. Mock's proof of claim is in the amount of $4500.00. An explanation of the discrepancy is not in the record, but the amount of the claim is not disputed.

## ARGUMENT

The Debtor objects to the priority claim of Mock on the basis that the attorney fee obligation is not support "owed to or recoverable by" a payee listed in the statute, and thus is not a domestic support obligation entitled to priority treatment.

Mock argues that the Alabama circuit court awarded her a judgment for attorney's fees for the sum of $5000.00, that the award was intended to be in the nature of support, and that her claim should therefore be treated as a priority claim. She cites the Pre–BAPCPA[2] case of *Holliday v. Kline (In re Kline),* 65 F.3d 749 (8th Cir.1995) as authority that an award for attorney's fees payable to an attorney is nondischargeable in a Chapter 7 case pursuant to Section 523(a)(5) of the Bankruptcy Code if the award was intended as support. She also objected to the plan and schedules on two other grounds, but she did not support either with evidence during the course of these proceedings.

## DISCUSSION

■ Claims that are domestic support obligations are accorded special treatment under the Chapter 13 provisions of the Bankruptcy Code. First, they are excepted from discharge. *See* 11 U.S.C. § 1328(a)(2)(2006) (domestic support obligations that are nondischargeable under 523(a)(5) are also excepted from Chapter 13 discharge). Also, the Bankruptcy Code accords first priority to "allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor . . ." 11 U.S.C. § 507(a)(1)(A) (2006). A Chapter 13 plan is required to "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 . . ." 11 U.S.C.

§ 1322(a)(2) (2006). Thus, a domestic support obligation is excepted from discharge and if it is an allowed, unsecured claim, it is entitled to first priority and must be paid in full by a Chapter 13 plan.

■ Under current law, a domestic support obligation is defined as a debt that accrues before, on or after the date of the order for relief. To qualify as a domestic support obligation, the debt must satisfy four requirements:

[the debt must be]

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit . . .

(B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated:

(C) established . . . by reason of . . .

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record . . .

(D) not assigned to a nongovernmental entity, unless . . . assigned voluntarily . . . for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (2006).

The parties do not dispute that Mock's claim meets requirements (C) and (D) of the statute. However, the Debtor contends that Mock's claim does not satisfy the first element of Section 101(14A) because the identity of the payee is Mock and not one of the individuals named in the statute. Additionally, by testifying that

---

**2.** Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

the clarification order was obtained without notice to him, the Debtor impliedly disputes that the debt is in the nature of support since the clarification order tends to establish requirement (B) of the statute.

■ The definition of a domestic support obligation was added to the Code by BAPCPA in 2005. Prior to 2005, the Eighth Circuit had held that if an award of attorneys fees was in the nature of support, the debt was nondischargeable even though the obligee was the attorney of the spouse, ex-spouse or child of the debtor and not one of the three payees expressly named in the statute. *In re Kline*, 65 F.3d at 751. *Accord Williams v. Kemp (In re Kemp)*, 232 F.3d 652 (8th Cir.2000) (affirming the lower courts' rulings that debts owed to debtor's child's mother for birth expenses, necessities and child support were nondischargeable even though child's mother was not a payee named in the statute).

Pre–BAPCPA, the rule in these exception to discharge cases was equally applicable to the issue of whether a claim was entitled to priority in a chapter 13 case because identical language was used to describe both the nondischargeable debt under section 523(a)(5) and the claim entitled to priority under 507(a)(7).[3] *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1142 (9th Cir.1998)(recognizing that application of section 507(a)(7) should be coincidental with application of section 523(a)(5) because of identical language in the two statutes).

Prior Sections 523(a)(5) and 507(a)(7) focused on any "debt to a spouse, former spouse, or child of the debtor ..." Post–BAPCPA, the two statutes have been amended to incorporate the definition of a domestic support obligation, which in turn describes debts "owed to or recoverable by ... a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative or ... a governmental unit..." 11 U.S.C. § 101(14A) (2006) (underlined wording added by BAPCPA). Bankruptcy courts in the Eighth Circuit have ruled that the BAPCPA amendment does not substantively change the statute and, therefore, does not supercede the holding in *Kline* or other Eighth Circuit precedent. *Kelly v. Burnes (In re Burnes)*, 405 B.R. 654, 659 (Bankr.W.D.Mo.2009)(relying on *Kline* post-BAPCPA because no substantive difference between 1988 Code "to a spouse, former spouse, or child" and BAPCPA's "owed to or recoverable by ... a spouse, former spouse, or child."); *Nab v. Manard–Hester (In re Manard–Hester)*, AP No. 08–8062, 2009 WL 2501142, at *3 (Bankr.D.Neb. Aug. 12, 2009) (determining that BAPCPA did not change the Eighth Circuit rule in *Kline* that attorney's fees in a domestic relations case awarded directly to the attorney can be excepted from discharge); *In re Tinnell*, No. BK 09–80160, 2009 WL 1664581, at *2 (Bankr.D.Neb. June 12, 2009) (stating that pre-BAPCPA case law supports a finding that debts payable to third parties may be support obligations under the post-BAPCPA provisions) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)), *aff'd*, 2009 WL 4827445 (D.Neb. Dec. 10, 2009). *Accord In re Poole*, 383 B.R. 308, 313 (Bankr.D.S.C.2007)(observing that similarity of language in pre-BAPCPA Section 523(a)(5) and post-BAPCPA Section 101(14A) makes case law applicable to Section 523(a)(5) helpful in interpreting Section 101(14A)).

**3.** Section 507(a)(7) was the pre-BAPCPA provision that provided support debt was entitled to seventh priority. Post–BAPCPA, support debt was accorded first priority under Section 507(a)(1).

In line with those recent cases that continue to rely on *Kline*, this Court rejects any argument that BAPCPA's additional wording weakens the dispositive impact of *Kline* on the instant case. The partial phrases "owed to or recoverable by" clarify but do not alter the type of debt previously characterized as nondischargeable and entitled to priority under pre-BAPCPA law. Furthermore, the fact that BAPCPA does not add attorneys to the expanded list of specific payees does not overrule *Kline*. Attorneys were not mentioned as payees in the pre-BAPCPA statute under which *Kline* was decided, but the Eighth Circuit ruled that a fee owed to an attorney could nevertheless be a nondischargeable support debt. For these reasons, this Court will follow the rule established by *Kline* as binding precedent.

But see *Tucker v. Oliver*, 423 B.R. 378, 381 (W.D.Okla.2010) (asserting that section 101(14A) adds additional groups of persons as payees and is reformatted as four separate requirements, suggesting Congress' conscious decision to focus on the precise debts within the scope of the provision); *Shaver v. Forgette (In re Forgette)*, 379 B.R. 623, 625–26 (Bankr.W.D.Va.2007)(holding that vehicle debt imposed on debtor by divorce court was debt owed to or recoverable by financing bank, not ex-wife, so not a domestic support obligation); *Loe, Warren, Rosenfield, Katcher, Hibbs & Windsor v. Brooks (In re Brooks)*, 371 B.R. 761, 765 (Bankr.N.D.Tex.2007)(refusing to except attorney's fees from discharge for many reasons, including that reference to debts "recoverable by" under section 101(14A) "is intended to further the ability of 'a governmental unit' . . . to pursue 'a domestic support obligation,' not to broaden the category of entities capable of asserting debts owed to them are nondischargeable").

In *Kline*, the court reviewed both a question of fact and a question of law. The question of fact was whether an attorney fee awarded in a domestic relations case was intended as support. The question of law was whether, as in the instant case, an award of attorney fees in the nature of support is dischargeable in bankruptcy if payable directly to the attorney.

The court determined that the state court considered the disparity in the financial resources of the parties in ordering the debtor to pay the spouse's attorney fees. This fact proved the award was in the nature of support. The court also reasoned that if the debt were deemed dischargeable, the former wife would be liable in *quantum meruit* for the legal services rendered. To find a support debt was dischargeable based solely on the fact that it was owed to the attorney would ignore the state court's intention that the debtor, and not the former spouse, pay the debt as part of his obligation to support the former spouse. For that reason, the court reversed the district court and affirmed the bankruptcy court's ruling that the award of attorney fees, which was in the nature of support, was nondischargeable even though payable to the former spouse's attorney.

The logic of *Kline* has been analyzed in a subsequent bankruptcy court decision, *Simon, Schindler & Sandberg v. Gentilini (In re Gentilini)*, 365 B.R. 251 (Bankr. S.D.Fla.2007). In *Gentilini*, the court reasoned that the *Kline* court equated the attorney's right to payment from the debtor with the former spouse's right to payment from the debtor, provided that if the debtor were allowed to discharge the debt, the former spouse would be liable for the debt to the third party. *In re Gentilini*, 365 B.R. at 255.

The court described the substance-over-form doctrine in *Kline* as "an exception to

the plain meaning of the statute to ensure that former spouses who obtained a benefit when their now debtor ex-spouse was ordered to pay their attorneys fees will not lose that benefit by having to pay the fees themselves if the debtor's obligation is discharged." *Id.* The court concluded that the statute's requirement that the obligation be owed to a named entity can be satisfied, as in *Kline,* "when the obligation is payable directly to a third party, typically a professional who provided services to benefit the wife or child, but only if the former spouse is also obligated for the fees." *Id.* at 256.

For variations on the point of view that debts may qualify as support even if owed to parties other than payees named in the statute, see the following post-BAPCPA decisions: *In re Johnson,* 397 B.R. 289, 296 (Bankr.M.D.N.C.2008)(stating that debtor's obligation to pay bank on second deed of trust obligation was nondischargeable debt owed to former spouse because if debtor failed to pay and former spouse paid, former spouse could then recover payment amount from debtor under hold harmless agreement); *In re Poole,* 383 B.R. at 313 (stating in *dicta* that debts owed to third parties that are in the nature of support may still be domestic support obligations if enforceable and recoverable by the spouse; however, the debt at issue was a property settlement obligation and not support debt). See also *Kassicieh v. Battisti (In re Kassicieh),* 425 B.R. 467, 476–77 (Bankr.S.D.Ohio 2010)(recognizing that several post-BAPCPA decisions have continued to hold that "in analyzing the dischargeability of debts payable to a third party, it is the nature of the debt, rather than the identity of the creditor, that controls")(citing *Levin v. Greco,* 415 B.R. 663, 666–67 (N.D.Ill.2009)).

In the instant case, the Court determines that under the rule established in *Kline,* the first requirement of Section 101(14A) is satisfied. The divorce decree ordered the Debtor to pay Mrs. Andrews' attorney fees. (Pl.'s Ex. 1 at 7.) The circuit court's clarification order of December 2, 2009 further described the attorney's fee award as payment for legal services provided by Mock on behalf of Mrs. Andrews. (Pl.'s Ex. 2.) Since there is no evidence to the contrary, the Court infers from these two statements that Mrs. Andrews is liable for $5000 for legal services and is responsible for payment unless the Debtor pays the fees.

The Debtor does not argue and has introduced no evidence to show that Mrs. Andrews does not remain liable for the debt to Mock. See, for example, *In re Gentilini,* 365 B.R. at 259 (finding that statute of limitations had run and ex-wife was no longer liable on obligation to her divorce attorneys such that the debtor's obligation to pay the ex-wife's attorneys was not within discharge exception for support debt). Accordingly, as in *Kline,* Mrs. Andrews remains liable for payment to Mock if the Debtor does not pay the debt to Mock. Because of Mrs. Andrews' remaining liability to Mock, the Debtor's obligation to Mock may be deemed a debt owed directly to Mrs. Andrews, and as a former spouse, she is a payee named in the statute.

■ The second requirement in the statute is that the obligation be in the nature of alimony, maintenance, or support. Whether the debt is a nondischargeable support obligation is a question of federal bankruptcy law, not state law. *Tatge v. Tatge (In re Tatge),* 212 B.R. 604, 608 (8th Cir. BAP 1997)(citing *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1056 (8th Cir.1983) (quoting H.R.REP. NO. 95–595, at 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6319–20)).

■ Factors considered by the bankruptcy courts in determining whether particular debts are intended to serve as support include the parties' relative financial conditions at the time of divorce, the parties' respective employment histories and prospects for financial support, the fact that one party or another receives the marital property, the periodic nature of the payments, and whether it would be difficult for the former spouse and children to subsist without the payments. *Id.* at 608 (citing *Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1406 (9th Cir. 1996); *Williams,* 703 F.2d at 1056; *Boyle,* 724 F.2d at 683; *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984)).

■ The Court will address each of these factors as applied to the facts evidenced by Plaintiff's Exhibits One and Two. First, the divorce decree documents an extreme disparity in the financial conditions of the parties. (Pl.'s Ex. 1.) It shows that the Debtor possesses far superior work experience and potential earning power while Mrs. Andrews bears the weightier financial burdens associated with the physical custody of two children. Second, according to the divorce decree, during the marriage the Debtor was the primary provider for the family, and Mrs. Andrews had little education and limited work experience outside the home. Based on the circuit court's finding that the Debtor's potential income was six or seven times greater than that of Mrs. Andrews, the Court determines that the Debtor's financial prospects greatly surpass those of Mrs. Andrews.

The third factor is not particularly conclusive in this case because the parties owned only one significant asset, the Debtor's retirement account, which was awarded to the Debtor but offset by allocation to the Debtor of most of the marital debt. Also, the Court is unable to draw any conclusion from the evidence in the record as to the fourth factor: whether the attorney's fee award was to be made in periodic payments.

As to the last factor, the circuit court concluded in its clarification order that because Mrs. Andrews could not afford to pay her legal fees, the attorney's fee award was intended to be in the nature of support. (Pl.'s Ex. 2) The Court infers that the circuit court found that if Mrs. Andrews were required to pay the fee, she would be deprived of funds needed for subsistence for herself and her children.

■ The state court's clarification order is important in that it provides some evidence of the fifth factor, but also because it shows the circuit court's intent in awarding the attorney's fees. The intent of the parties to a settlement agreement, or, as in this case, the intent of the state court, is a primary focus when the bankruptcy court makes a 523(a)(5) (or 507(a)(1)) determination. *Morel v. Morel (In re Morel),* 983 F.2d 104, 105 n. 3 (8th Cir.1992) (the issue under section 523(a)(5) turns on the intention of the parties, or in a contested divorce, on the intent of the court). The clarification order expressly stated the intent of the circuit court that the attorney's fee award is for support, and this Court will accord that order the deference to which it is entitled.

The Debtor testified that the clarification order was entered without notice to him and the opportunity for a hearing. The implication is that the order is improper and should be accorded little, if any, weight by this Court.

■ First, the Court observes that the Supreme Court of Alabama has ruled on more than one occasion that the Alabama state courts have inherent authority to clarify, interpret, and enforce their own orders. *Alabama v. Akers,* 797 So.2d 422,

424 (Ala.2000)(citing *Helms v. Helms' Kennels, Inc.*, 646 So.2d 1343, 1347 (Ala.1994); *Gild v. Holmes*, 680 So.2d 326, 329 (Ala. Civ.App.1996)). Second, the Debtor does not argue that he was actually entitled to notice and a hearing under Alabama law before the order was entered. Indeed, if the Debtor was denied due process, his recourse is with the circuit court and the appellate courts of Alabama, not the federal bankruptcy court. In summary, application of the five factors to this case and deference to the state court's expressed intent dictate the conclusion that the attorney's fee award is in the nature of support.

### CONCLUSION

Mock's claim for attorney's fees fulfills the four requirements set out under section 101(14A) as incorporated by section 507(a)(1) and is, therefore, entitled to priority treatment in the Debtor's Chapter 13 plan. For this reason, the Debtor's objection to claim is denied and Mock's objection to confirmation is sustained. Mock's motion for judgment on the pleadings is denied as moot. The Debtor shall have 21 days to modify his plan in accordance with the conclusions in this order.

IT IS SO ORDERED.