**In re John Dahl COOKE, Jr., and Nina Annette Cooke, Debtors.**

**No. 11–70256.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

July 26, 2011.

**504**

Malissa L. Giles, Esquire, Roanoke, VA, for Debtors.

Charles R. Allen, Jr., Esquire, Roanoke, VA, for Jean E. Knox.

### ORDER

ROSS W. KRUMM, Bankruptcy Judge.

On April 14, 2011 the Debtors filed an Objection to Claim # 6–1 of Jean E. Knox. On May 13, 2011, Ms. Knox filed a response to the Debtors' objection. On May 31, 2011, the Debtors filed their memorandum in support of their objection. On June 20, 2011, Ms. Knox filed her memorandum in support of her claim. The parties did not request oral argument and agree that the matter is ripe for decision. After considering the arguments of the parties and the evidence presented the Court makes the following findings of fact and conclusions of law.

#### Facts

John Cooke, the male debtor in this proceeding, was married to Jean Knox, the claimant on August 15, 1995. The parties separated on March 29, 2002, and on April 26, 2002, the parties entered into a stipulation of dissolution of marriage resolving the rights and obligations of the parties. In their stipulation of dissolution the parties agreed that John would pay Ms. Knox $55,231.00. On May 30, 2002, the Circuit Court of Atchison County, Missouri entered a Judgment and Decree of Dissolution formalizing the stipulation of dissolution of marriage and the debts and obligations specified in said stipulation.

On April 4, 2003, John Cooke filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Iowa. As part of that proceeding Jean E. Knox, the claimant in this case and the former wife of Mr. Cooke, filed an adversary proceeding seeking to the have the $55,231.00 debt declared nondischargeable under 11 U.S.C. § 523. On October 21, 2004, the Honorable Russell J. Hill, Judge, in the U.S. Bankruptcy Court for the Southern District of Iowa issued an Order in which he found that the $55,231.00 debt owed to Ms. Knox arising from the May 30, 2002 Judgment and Decree of Dissolution was nondischargeable under 11 U.S.C. § 523(a)(15).

In his Order, Judge Hill specifically found that the debt was a "nondischargeable property settlement debt pursuant to 11 U.S.C. § 523(a)(15)." Debtor's Exhibit A at 3, *In re Cooke*, Case No. 11–70256–ROA (Bankr.W.D.Va. May 31, 2011). Judge Hill also found that "[t]he parties have stipulated, and the court finds that the debt at issue was incurred from the dissolution decree and *was not for alimony, maintenance, or support*." *Id.* at 9 (emphasis added).

On May 3, 2005, the Circuit Court of Atchison County, Missouri issued a Judgment of Contempt in which the court found that John Cooke failed to pay the marital debts outlined in the Judgment and Decree of Dissolution and that he was to pay Ms. Knox $44,969.60. John has paid Ms. Knox approximately $16,900.00 over a period of time between March 23, 2006 and August 18, 2010.

On February 20, 2011, John Cooke, and his wife Nina Annette Cooke, filed their Chapter 13 petition in this Court. On March 31, 2011, Ms. Knox filed a claim for $24,494.60. On April 19, 2011, the Debtors objected to Ms. Knox's claim. For the following reasons the Court shall sustain the Debtors' objection.

### Discussion

As a preliminary matter the Court finds that it will not overturn or in any other way modify or disturb Judge Hill's finding that the debt owed by John Cooke to Jean Knox arising from the Judgment and Decree of Dissolution *"was not for alimony, maintenance, or support."* Debtors' Exhibit A at 9 (emphasis added). The Court gives full comity and deference to Judge Hill's findings and thus, will adopt his findings in the Court's analysis of the case at bar.

▮▮▮ Ms. Knox asserts that the debt owed to her is a domestic support obligation and thus, should be given priority treatment by the Debtors. In order to be given priority treatment as a domestic support obligation a claim must satisfy all four requirements of 11 U.S.C. § 101(14A), which defines the term domestic support obligation. Specifically, the claimant must demonstrate that the debt is (1) "owed to or recoverable by-(I) a spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;" (2) "in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;" (3) "established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applica-

ble provisions of-(I) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit;" and (4) "not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt." 11 U.S.C. § 101(14A) (West, 2011). *In re Forgette,* 379 B.R. 623, 625 (Bankr.W.D.2007) holds that all four elements of § 101(14A) must be satisfied in order to have a claim qualified as a domestic support obligation.

Since Judge Hill has already found that the debt arising from the Judgment and Decree of Dissolution does not constitute alimony, maintenance, or support the Court finds that Ms. Knox fails to satisfy the second element required by § 101(14A) and therefore, cannot qualify her claim as a domestic support obligation.

▮▮▮ Ms. Knox also asserts that regardless of whether the claim is a domestic support obligation the finding of nondischargeability by Judge Hill clothes her claim in a cloak of nondischargeability that protects it from being discharged in the Debtors' current Chapter 13 proceeding. However, *In re Jodoin,* 196 B.R. 845, 852 (Bankr.E.D.Cal.1996) states that "[d]ebts that are nondischargeable under § 523(a)(15) can be discharged in a Chapter 13 case. 11 U.S.C. § 1328(a)(2). Thus, a former spouse's victory under § 523(a)(15) may become pyrrhic when the debtor follows a chapter 7 case with a chapter 13 case to deal with the nondischargeable debt." [1]

The Court finds that Ms. Knox's claim arises from the Judgment of Contempt

---

1. *See also In re Austin,* 271 B.R. 97, 100 (Bankr.E.D.Va.2001) (the court noted that

"[the debtor's former spouse] also filed a Complaint to Determine Dischargeability

**506**

which itself arises from the failure of John Cooke to pay the obligations placed upon him by the Judgment and Decree of Dissolution. The reason Mr. Cooke was required to pay those obligations, rather than have said obligations discharged in his previous Chapter 7 case, is that Judge Hill found those debts to be nondischargeable under § 523(a)(15). Thus, absent the finding by Judge Hill concerning nondischargeability Mr. Cooke would not have had to pay the debts required of him by the Judgment and Decree of Dissolution, would not have been in contempt, and thus, would not have had the Judgment of Contempt entered against him. In short, the entirety of Ms. Knox's claim rests on the fact that the debt owed by Mr. Cooke was found to be nondischargeable under § 523(a)(15). However, in light of *Jodoin* the Court finds that Ms. Knox's claim is not subject to nondischargeability in Mr. Cooke's current Chapter 13 proceeding because it does not qualify as one of the protected classes of claims specified in 11 U.S.C. § 1328(a)(2).

In conclusion the Court finds that Claim # 6–1 filed by Jean E. Knox is not entitled to priority treatment and shall be treated as a dischargeable general unsecured claim. Accordingly, it is

### ORDERED

That the Debtors' Objection to Claim # 6–1 of Jean E. Knox is hereby **SUSTAINED.**

('Complaint'), Adversary Proceeding No. 01–5012–S, alleging that in the event her claim should be found not to be a priority claim, it nevertheless should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(15). As the case is proceeding under Chapter 13, this Court dismissed the Complaint at trial because a Chapter 13 discharges debts that in a Chapter 7 case would be declared nondischargeable under § 523(a)(15).")